Man Chul PARK, Plaintiff,

v.

FORMAN BROTHERS, INC.,
Defendant/Third–Party
Plaintiff,

v.

FALSTAFF BREWING CORP., Third–
Party Defendant/Third–Party
Plaintiff,

v.

GLENSHAW GLASS CO., INC.,
Third–Party Defendant.

Civ. A. No. 90–834 SSH.

United States District Court,
District of Columbia.

March 6, 1992.

Philip L. Kellogg, James L. Lyons, Washington, D.C., for plaintiff Man Chul Park.

Robin Bergsohn, J. Michael Colliton, Silver Spring, Md., for defendant/third-party plaintiff Forman Bros., Inc.

E. Patrick Fitzpatrick, Jr., Gaithersburg, Md., for third-party defendant/third-party plaintiff Falstaff Brewing Corp.

John H. Johnston, Merrifield, Va., for third-party defendant Glenshaw Glass Co., Inc.

## ORDER

STANLEY S. HARRIS, District Judge.

Before the Court are motions for partial summary judgment on the issue of indemnification by Forman Brothers, Inc. (Forman Brothers) and Falstaff Brewing Corporation (Falstaff). Both parties seek indemnification from Glenshaw Glass Company, Inc. (Glenshaw Glass) in the event that they are found liable to plaintiff.

The following facts are taken from the complaint and the amended complaint. At the time of the incident involved in this case, plaintiff owned a small convenience store in Washington, D.C., Stewart & Young's Market. On May 23, 1989, plaintiff was moving several six-packs of Haffenreffer's Private Stock Malt Liquor from the back of a cooler to the front when one of the bottles exploded. One or more pieces of glass struck plaintiff in the eye, lacerating his cornea. As a result, plaintiff was hospitalized for six days and had to have eye surgery. Plaintiff alleges that his eye is permanently injured.

Plaintiff had purchased the beer from Forman Brothers, Inc., a wholesale merchant. Falstaff Brewing Corporation had brewed and bottled the beer and Glenshaw Glass, Inc. had manufactured the bottle which exploded. Plaintiff is suing the beer wholesaler, bottler, and bottle manufacturer for breach of warranty of merchantability. In addition, Forman Brothers filed a third-party complaint against Falstaff, who then filed a third-party complaint against Glenshaw Glass.

 Falstaff filed a motion for partial summary judgment, which was joined by Forman Brothers, against Glenshaw Glass. Falstaff and Forman Brothers claim that they are entitled to indemnification from Glenshaw Glass in the event that they are found liable to plaintiff. A claim for indemnification may be made by cross-claim, third party complaint, or by a separate action against the manufacturer after judgment has been entered against the seller. *See* M. Madden, *Products Liability* § 17.1, at 153 (1980). Forman Brothers has not made such a claim against Glenshaw Glass. Accordingly, on this record, Forman Brothers is not entitled to summary judgment against Glenshaw Glass. Accordingly, the *motion by Forman Brothers is denied without prejudice.*

Falstaff, however, has made such a claim against Glenshaw Glass. Therefore, its motion for summary judgment is properly before the Court. In support of its motion, Falstaff maintains that there is no evidence in the record that its actions caused the bottle to explode. Falstaff submits the report prepared by plaintiff's expert, who concludes that the bottle was broken as a result of a slight impact and that the "[g]lass thickness was insufficient for a container intended for the packaging and transport of malt liquor in commerce." *See* Falstaff's Reply, Exh. A, at 4. In opposition to Falstaff's motion, Glenshaw Glass points to no evidence in the record that Falstaff was responsible for the explosion. Instead, Glenshaw Glass relies solely on plaintiff's complaint which alleges that the bottle was inadequately packaged. This is insufficient to defeat Falstaff's mo-

tion for summary judgment on the issue of indemnification.

A manufacturer has an implied duty to a seller to indemnify him where the manufacturer provides a defective product and the seller's liability stems solely from a failure to discover the defect. *See East Penn Manufacturing Co. v. Pineda*, 578 A.2d 1113, 1127 (D.C.App.1990) (quoting *Restatement (Second) of Torts* § 886(d) & comment h). As the only evidence in this case linking the three defendants to the explosion of the bottle is the insufficient glass thickness, it is equitable to shift the entire burden of loss to the manufacturer. *See id.* Accordingly, it hereby is

ORDERED, that Falstaff's motion for partial summary judgment is granted. It hereby further is

ORDERED, that Forman Brothers's motion for partial summary judgment is denied without prejudice.

SO ORDERED.